**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROY and CAROL ROBERTS,
individuals,

                                                Case No.:

    Plaintiffs,
v.

WELLS FARGO BANK, N.A., d/b/a
WELLS FARGO HOME MORTGAGE, INC.,
a national association,

    Defendant.
_____/

**COMPLAINT**

**COME NOW** Plaintiffs, ROY and CAROL ROBERTS (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE, INC. (hereinafter, "Defendant"). In support thereof, Plaintiffs allege:

**PRELIMINARY STATEMENT**

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, "TCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2.    At all material times herein, the conduct of Defendant, complained of below,

occurred in Pinellas County, Florida.

3. At all material times herein, Plaintiffs are individuals residing in Pinellas County, Florida.

4. Defendant is a national association existing under the laws of the State of California, that, itself and through its subsidiaries, regularly extends and services residential home mortgages and notes to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

7. At all material times herein, Defendant attempts to collect a debt, specifically a consumer home mortgage and note referenced by account number ending in -3657 (hereinafter, "Debt").

8. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household or family use.

9. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

11. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiffs' cellular telephone, number 727.686.9478, (hereinafter, "cellular telephone") using an automatic telephone dialing system (hereinafter, "ATDS") or an artificial or pre-recorded voice (hereinafter, "APV").

14. Plaintiffs are the owners, regular users, and possessors of a cellular telephone with the assigned number 727.686.9478.

15. On or about January 18, 2013, Plaintiffs retained Leavengood, Dauval & Boyle, P.A. (hereinafter "Undersigned Counsel") for representation with regards to their debts generally, including the Debt.

16. On or about March 19, 2013, Defendant sent a letter to Undersigned Counsel's office requesting confirmation of Undersigned Counsel's representation of Plaintiffs with regard to the Debt.  Please see attached a true and correct copy of said letter labeled as Exhibit "A."

17. Undersigned Counsel responded to Defendant's immediately-aforementioned letter and confirmed its representation of Plaintiffs with regard to the Debt.

18. On or about March 24, 2013, Defendant sent Undersigned Counsel a letter acknowledging the above-referenced confirmation of representation.  Please see attached a true and correct copy of said letter labeled as Exhibit "B."

19. On or about March 27, 2013, Undersigned Counsel sent Defendant a facsimile transmission, further providing actual notice of Undersigned Counsel's representation of Plaintiffs with regard to the Debt, again providing Undersigned Counsel's contact information,

and further advised Defendant that all future communication with regard to the Debt must be directed to Undersigned Counsel's office (hereinafter, "FOR"). Please see attached a true and correct copy of said FOR and fax confirmation sheet labeled as Exhibit "C1-C2."

20. All of the below-alleged collection attempts by Defendant were made despite Defendant having repeatedly received—and possessing knowledge—of Undersigned Counsel's representation of Plaintiffs with regard to the Debt.

21. At no time herein did Defendant have Plaintiffs' prior express consent to call Plaintiffs' cellular telephone using an ATDS or APV.

22. Further, if Defendant contends it had such consent, such consent was revoked upon Defendant's receipt of Notice of Undersigned Counsel's representation of Plaintiffs regarding the Debt.

23. Additionally, if Defendant contends these below-alleged phone calls were made for "informational purposes only," it lacked the required prior express written consent necessary to make such informational calls to Plaintiffs' cellular telephone using an ATDS or APV.

24. On or about July 18, 2013, at approximately 5:36 p.m. EST, Defendant called Plaintiffs' cellular telephone using an ATDS or APV. Please see attached a true and correct copy of Plaintiffs' cellular telephone records labeled as Exhibit "D."

25. The immediately-aforementioned call was placed from telephone number 800.869.3557 and was made in an attempt to collect the Debt.

26. On or about July 18, 2013, at approximately 5:44 p.m. EST, Defendant called Plaintiffs' cellular telephone using an ATDS or APV. *See* Exhibit "D."

27. The immediately-aforementioned call was placed from telephone number 800.869.3557 and was made in an attempt to collect the Debt.

28. On or about July 18, 2013, at approximately 5:46 p.m. EST, Defendant called Plaintiffs' cellular telephone using an ATDS or APV. *See* Exhibit "D."

29. The immediately-aforementioned call was placed from telephone number 800.869.3557 and was made in an attempt to collect the Debt.

30. On or about July 18, 2013, at approximately 5:53 p.m. EST, Defendant called Plaintiffs' cellular telephone using an ATDS or APV. *See* Exhibit "D."

31. The immediately-aforementioned call was placed from telephone number 800.869.3557 and was made in an attempt to collect the Debt.

32. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

33. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporally-displaced violation, as well as an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter.

34. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' cellular telephone in violation of the TCPA.

35. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' cellular telephone in willful or knowing violation of the TCPA.

36. At all material times herein, it would have been possible for Defendant to avoid

violating the terms of the TCPA.

37. Plaintiffs have not been able, due to both professional and personal commitments, to record the specifics of each and every call made by Defendant (as done above). Plaintiffs assert however, that the above-referenced calls are but a sub-set of calls made by Defendant in violation of the FCCPA and TCPA.

38. Upon information and belief, based upon the aforementioned allegations, Defendant's telephone calls made to Plaintiffs' cellular telephone using an ATDS or an APV were made in willful and knowing violation of the TCPA.

39. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through thirty-nine (39) as if fully restated herein and further state as follows:

40. Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

41. Defendant received actual notice of Undersigned Counsel's representation of Plaintiffs with regard to the Debt and possessed Undersigned Counsel's contact information.

42. Despite Defendant's actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt, Defendant called Plaintiffs *at least* four (4) times in the same day in an attempt to collect the Debt.

43. Defendant's actions were made in an attempt to abuse and harass Plaintiffs into paying the Debt.

44. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

45. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through thirty-nine (39) as if fully restated herein and further state as follows:

46. Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice─and possessing actual knowledge─that Plaintiffs were represented by counsel with regard to the Debt.

47. On or about March 19, 2013, Defendant received actual notice of Undersigned Counsel's representation of Plaintiffs with regard to the Debt.

48. On or about March 24, 2013, Defendant confirmed knowledge of said representation in its response letter to Undersigned Counsel

49. On or about March 27, 2013, Defendant again received actual notice of Undersigned Counsel's Representation via Undersigned Counsel's FOR.

50. Despite having received actual notice—and possessing actual knowledge—of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant called Plaintiffs *at least* four (4) times in an attempt to collect the Debt on the same day.

51. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent, temporally-displaced violation, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 United States Code, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through thirty-nine (39) as if fully restated herein and further state as follows:

52. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

53. At no time did Defendant have Plaintiffs' prior express consent to auto-dial Plaintiffs cellular telephone.

54. Further, if Defendant contends it had such consent, such consent was revoked when Defendant received actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt.

55. Additionally, if Defendant contends the subject phone calls were made for "informational purposes only," it lacked the required prior express written consent necessary to make such informational calls to Plaintiffs' cellular telephone using and ATDS or APV.

56. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiffs' cellular telephone *at least* four (4) times in its attempt to collect the Debt.

57. The conduct of the Defendant complained of herein is the result of repeated willful and knowing violations of the TCPA.

58. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered:

    a. The periodic loss of their cellular telephone service;

    b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under their cellular telephone service contract.

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost; and

    d. Statutory damages.

**WHEREFORE**, Plaintiffs request this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, and such other equitable relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiffs hereby gives notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence─paper, electronic documents, or data─pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 93088**
☐ **G. Tyler Bannon, Esq., FBN 0105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiffs*